United States District Court
Middle District of Florida
Tampa Division

**JEANIE NICHOLS,**

    *Plaintiff,*

v.                                         NO. 8:23-cv-2860-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

## Order[1]

The Court reversed the decision of the Commissioner of Social Security denying Jeanie Nichols's applications for benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Docs. 21, 22. Nichols now requests, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an award of $7,500 as an attorney's fee and $405 in costs. Doc. 26. The Commissioner does not oppose the relief requested. *Id*. at 2.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fee and costs are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) she prevailed in a case against the United States, (2) she timely requested a fee and costs, (3) her net worth did not exceed $2 million when she filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id*. at 158; 28 U.S.C. §§ 2412(d)(1), (2).

---

[1]Citations to page numbers are to page numbers generated by CM/ECF.

The first three conditions are satisfied here. Docs. 21, 26, 26-1 at 7. As to the fourth condition, Nichols contends the Commissioner's position was not substantially justified, Doc. 26 at 11, and the Commissioner has not tried to satisfy his burden of showing otherwise. As to the fifth condition, no equitable consideration is apparent or presented that would make an EAJA award unjust.

For the attorney's fee, the fee applicant must show the requested rates and claimed hours are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *accord Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988). A fee award under the EAJA "shall be based upon prevailing market rates for the kind and quality of the services furnished," but must not exceed $125 an hour "unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

"The EAJA … establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step … is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34.

Here, the requested fee is based on 28.7 hours of work completed in 2024 by lead counsel of record, Jason Quick; 1.0 hour of work completed in 2024 and

2

2.5 hours of work completed in 2023 by a lawyer not admitted to practice in this Court, Bryan Konoski; and 1.5 hours of work completed in 2023 by a paralegal. Doc. 26 at 7–8.[2] For work completed by Quick and Konoski in 2024, Nichols requests an hourly rate of $243.75. *Id.* at 8. For work completed by Konoski in 2023, she requests an hourly rate of $240.00. *Id.* at 7. For the paralegal's work, she requests an hourly rate of $75.00. *Id.* The hours multiplied by the rates equals $7,951.89, but through discussions with the Commissioner, Nichols agreed to request only $7,500 as an attorney's fee. *Id.* at 8. The Court directed her to supplement the fee motion to provide "information about the lawyers and paralegal who worked on her case" to provide the Court information necessary "to determine whether the rates they request are the market rates for similar services provided by lawyers and paralegals of reasonably comparable skills, experience, and reputation in the relevant community[.]" Doc. 27 at 2.

The requested rate and claimed hours are reasonable. Based on the Court's own knowledge and the information provided about the lawyers, *see* Docs. 28, 28-1, the rate is within the prevailing market rates for similar services provided by lawyers of reasonably comparable skills, experience, and reputation. The increase in the cost of living from 1996 to the time the lawyers worked on the case justifies an upward adjustment from $125. *See* U.S. Dep't of Labor, Bureau of Labor Statistics, https://data.bls.gov/timeseries/CUUR0000SA0 (last visited August 1, 2024). Although Konoski is not admitted to practice in this Court, considering his substantial experience, *see* Docs. 28, 28-1, and the absence of opposition, *see* Doc. 26 at 2, awarding Konoski the same rate as Quick is warranted. Because

---

[2]In the chart showing rates and claimed hours for 2024, Nichols labels Quick and Konoski "Paralegal." *See* Doc. 26 at 8. The Court considers this an error.

3

Nichols provides little information about the paralegal's experience and reputation, *see* Doc. 28 at 5, using the rate of someone with no experience is warranted. Based on the Court's own knowledge, the requested rate is at the low end of the range of rates frequently awarded and thus is within the prevailing market rates for similar services provided by paralegals with no experience. None of the work appears clerical, secretarial, unnecessary, or otherwise excludable. *See* Doc. 26-1 at 5.

The Court leaves to the Commissioner's discretion whether to accept Nichols's assignment of EAJA fees and costs, *see* Doc. 26 at 17–18; Doc. 26-1, after determining whether Nichols owes a federal debt.

Nichols requests $405 for the filing fee. Doc. 26 at 8. Costs for items in 28 U.S.C. § 1920 can be awarded to the prevailing party under the EAJA. 28 U.S.C. § 2412(a). Items in § 1920 include "[f]ees of the clerk and marshal." *Id.* § 1920(1). Awarding $402 for costs is warranted as a fee of the clerk paid by Nichols. *See* docket entry accompanying the complaint, Doc. 1.

The Court **grants** the motion, Doc. 26; **awards** Nichols $7,500 as an attorney's fee; **awards** Nichols $405 in taxable costs; and **directs** the clerk to enter judgment in favor of Jeanie Nichols and against the Commissioner of Social Security for $7,500 as an attorney's fee and $405 in costs.

**Ordered** in Jacksonville, Florida, on August 5, 2024.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*